UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD LEGGETT | § | CIVIL ACTION NO. 15-0899 JTM-DEK |
| VERSUS | § | JUDGE JANE TRICHE MILAZZO SECTION "H" |
| HARVEY GULF INT'L MARINE | § | MAGISTRATE JUDGE DANIEL E. KNOWLES, III MAG (3) |

*Admiralty Rule 9 (h)*

## PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes DONALD LEGGETT, plaintiff herein, a person of the full age of majority, who respectfully avers the following in this Third Amended Complaint:

1.

Plaintiff brings this cause of action pursuant to the General Maritime Law and the provisions of 46 U.S.C. §30104, *et al.*, commonly referred to as the Jones Act, and all statutes supplemental and amendatory thereto.

2.

This is an admiralty claim and Plaintiff invokes the Court's admiralty jurisdiction. This claim should proceed under Federal Rule of Civil Procedure 9(h).

3.

Plaintiff is a person of the full age of majority who was at all times material to this lawsuit a deckhand employed by Harvey Gulf Int'l Marine aboard the OSV HARVEY SPUR.

4.

Made Defendants herein:

(A)   HARVEY GULF INT'L MARINE, LLC, hereinafter referred to as "HARVEY GULF", a limited liability company engaged in the business of owning and operating vessels supporting offshore oil and gas activities; and,

(B)   HELMERICH & PAYNE INTERNATIONAL DRILLING CO., hereinafter referred to as "H & P", a corporation engaged in operating oil and gas drilling and production facilities.

5.

On or about February 6, 2015, Plaintiff was employed as a deckhand by Defendant, HARVEY GULF, and as a member of the crew of the OSV HARVEY SPUR.

6.

At all times material to this lawsuit, the OSV HARVEY SPUR was an offshore supply vessel owned and operated by Defendant, HARVEY GULF.

7.

On or about February 6, 2015, the OSV HARVEY SPUR was operating in the Gulf of Mexico supporting activities of Shell's Auger TLP (tension leg platform).

8.

At all times material to this lawsuit, Defendant H & P was contracted by Shell to perform work aboard Shell's Auger TLP in the Gulf of Mexico.

9.

On or about February 6, 2015, Defendant H & P employed Donald Glenn Quinn, as a flagger / roustabout.

10.

On or about February 6, 2015, Donald Glenn Quinn, was sent down from the Auger TLP to the deck of the OSV HARVEY SPUR to assist the HARVEY GULF crew with back-loading cargo, i.e., cargo being transferred down from the Auger to the OSV HARVEY SPUR.

11.

Plaintiff was ordered to assist in this back loading operation and was helping land cargo when he was struck in the head by the hook attached to the crane.  The load was unhooked by H & P employee, Daniel Glenn Quinn, causing the hook to swing out and strike Plaintiff in the head.

12

Plaintiff was concussed and knocked unconscious.  He sustained injuries to his head, neck and back.   His treating orthopedic surgeon has recommended lumbar surgery.  He remains under the care of a neurologist for his head injury and concussion symptoms.   He is totally temporarily disabled from employment.

13.

This incident and Plaintiff's resulting injuries were caused by the negligence of the Defendant, HARVEY GULF, in the following particulars:

    a)     failing to provide Plaintiff with a safe place to work;

    b)     failing to adequately plan the cargo back loading operation;

c)   failing to adequately supervise the cargo back loading operation;

d)   any and all other acts and/or omissions of negligence that will be shown at the trial of this matter.

14.

This incident and Plaintiff's resulting injuries were caused by the negligence of the Defendant, H & P, in the following particulars:

a)   failing to properly train and/or supervise its employees;

b)   failing to properly plan the work being performed by its employees;

c)   failing to properly communicate during the work being performed;

d)   failing to properly operate its crane;

e)   failing to provide adequate warnings to plaintiff;

f)   failing to follow proper work practices during the cargo back loading operation, specifically, causing the hook to strike plaintiff;

g)   any and all other acts and/or omissions of negligence that will be shown at the trial of this matter.

15.

This incident and Plaintiff's injuries were also caused by the unseaworthiness of the M/V HARVEY SPUR and its appurtenances, including but not limited to the unsafe work practices relating to the back loading of cargo.

16.

As a result of the above and foregoing negligent acts and/or omissions of HARVEY GULF and H & P, and/or the unseaworthiness of the M/V HARVEY SPUR,

Plaintiff, DONALD LEGGETT, has suffered severe and disabling physical and mental injuries and seeks compensatory and special damages for the following:

    a.      Past and future loss of wages and benefits;

    b.      Impairment of future earning capacity;

    c.      Physical pain and suffering;

    d.      Mental and emotional pain and suffering;

    e.      Post traumatic stress disorder;

    f.      Past and future medical expenses;

    g.      Loss of enjoyment of life;

    h.      Additional monetary damages to be shown at the trial of this action.

17.

Plaintiff, DONALD LEGGETT, as a seaman injured in the service of the vessel, is entitled to the benefits of maintenance and cure from Defendant, HARVEY GULF, until such time as he reaches maximum medical cure.

WHEREFORE, premises considered, Plaintiff, DONALD LEGGETT, prays for judgement herein and against Defendants, HARVEY GULF INT'L MARINE, LLC, and HELMERICH & PAYNE INTERNATIONAL DRILLING CO.; that Defendants be duly cited and served with a copy of this Third Amended Seaman's Complaint; that Defendants be cited to appear and answer same within the delays allowed by law, and that after due proceedings, that there be judgment rendered herein in favor of Plaintiff, DONALD LEGGETT, and against Defendants herein, HARVEY GULF INT'L MARINE, LLC, and HELMERICH & PAYNE INTERNATIONAL DRILLING CO., jointly and

severally, in the total sum of FIVE MILLION ($5,000,000.00) DOLLARS, plus interest from the date of judicial demand until paid, all costs of these proceedings, for attorneys' fees, and for all other general, equitable maritime relief.

Respectfully submitted,

**STRAUSS & KING**

*Rhett E. King*
BERNEY L. STRAUSS #12527
RHETT E. KING #23811
CLINTON G. MEAD #35244
SARAH A. LOWMAN #18311
406 Magazine Street, Suite 300
New Orleans, Louisiana  70130
Telephone: 504/523-0033
Facsimile: 504/523-0109
*Counsel for Plaintiff, Donald Leggett*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2015, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM / ECF system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

*Rhett E. King*