## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD LEGGETT,**<br>　　　　*Plaintiff*,<br><br>v.<br><br>**HARVEY GULF INTERNATIONAL MARINE, LLC AND HELMERICH & PAYNE INTERNATIONAL DRILLING CO.**<br>　　　　*Defendants*. | **CIVIL ACTION: 2:15-CV-00899**<br><br>**JUDGE MILAZZO**<br><br>**SECTION "H-3"**<br><br>**MAGISTRATE KNOWLES, III**<br><br>**JURY TRIAL DEMANDED** |

### HELMERICH & PAYNE INTERNATIONAL DRILLING CO.'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, Helmerich & Payne International Drilling Co. (hereinafter referred to as "**H&P**"), which respectfully avers as follows in response to the Third Amended Complaint (Rec. Doc. 36) filed by Plaintiff, Donald Leggett:

I.

FIRST DEFENSE

The Third Amended Complaint fails to state a claim upon which relief can be granted.

II.

SECOND DEFENSE

Answering the specific allegations of the Plaintiff's Third Amended Complaint, H&P respectfully avers that:

1.

The allegations of the first, unnumbered paragraph of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

2.

The allegations of Paragraph 1 the Third Amended Complaint do not require a response from H&P, but to the extent a response is deemed necessary, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief in the truth therein.

3.

The allegations of Paragraph 2 of the Third Amended Complaint contain legal conclusions that do not require a response from H&P, but to the extent a response is deemed necessary, the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief in the truth therein.

4.

The allegations of Paragraph 3 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

5.

The allegations of Paragraph 4(A) of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.  The allegations of Paragraph 4(B) of the Third Amended Complaint are denied as written.

6.

The allegations of Paragraphs 5 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

7.

The allegations of Paragraph 6 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

8.

The allegations of Paragraph 7 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

9.

The allegations of Paragraphs 8 of the Third Amended Complaint are denied as written. Further responding, H&P admits that it was engaged in providing various services on Shell's Auger tension leg platform located off the coast of Louisiana on February 6, 2015.

10.

The allegations of Paragraphs 9 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

11.

The allegations of Paragraphs 10 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

12.

The allegations of Paragraphs 11 of the Third Amended Complaint are denied to the extent they seek to impose liability on H&P, and the remaining allegations are denied for lack of sufficient information to justify a belief in the truth therein.

13.

The allegations of Paragraphs 12 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

14.

The allegations of Paragraph 13 of the Third Amended Complaint contain legal conclusions that do not require a response from H&P, but to the extent a response is deemed

necessary, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief in the truth therein.

15.

The allegations of Paragraph 14 of the Third Amended Complaint contain legal conclusions that do not require a response from H&P, but to the extent a response is deemed necessary, the allegations of Paragraphs 14 of the Third Amended Complaint are denied to the extent they seek to impose liability on H&P, and the remaining allegations are denied for lack of sufficient information to justify a belief in the truth therein.

16.

The allegations of Paragraph 15 of the Third Amended Complaint contain legal conclusions that do not require a response from H&P, but to the extent a response is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief in the truth therein.

17.

The allegations of Paragraph 16 of the Third Amended Complaint contain legal conclusions that do not require a response from H&P, but to the extent a response is deemed necessary, the allegations of Paragraphs 16 of the Third Amended Complaint are denied to the extent they seek to impose liability on H&P, and the remaining allegations are denied for lack of sufficient information to justify a belief in the truth therein.

18.

The allegations of Paragraph 17 of the Third Amended Complaint contain legal conclusions that do not require a response from H&P, but to the extent a response is deemed

necessary, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief in the truth therein.

19.

The allegations contained in the Plaintiff's prayer for relief are denied.

III.

THIRD DEFENSE

H&P avers that Plaintiff was contributorily negligent and/or that he assumed the risk and/or that the accident and resulting injuries, if any, were caused by the fault of Plaintiff, all of which are pleaded in bar, diminution or mitigation of any recovery by Plaintiff herein.

IV.

FOURTH DEFENSE

H&P denies that it or anyone for whose actions it may be legally responsible in any way caused or contributed to the accident alleged in the Plaintiff's Third Amended Complaint, but on the contrary, avers that the accident and resulting injuries, if any, were caused by the fault, negligence or want of care of third parties for whose actions H&P is not legally responsible.

V.

FIFTH DEFENSE

Alternatively, H&P avers that the Plaintiff's injuries, if any, were the result of an unavoidable accident and/or an Act of God.

VI.

SIXTH DEFENSE

H&P contends that all of the conditions and circumstances presented to the Plaintiff were open, obvious, and apparent, and pleads this fact as a complete defense to, and/or mitigation of, any and all claims asserted by Plaintiff herein.

VII.

SEVENTH DEFENSE

H&P further avers that Plaintiff was an employee of an independent contractor and therefore H&P is immune from liability.

VIII.

EIGHTH DEFENSE

H&P alternatively avers that Plaintiff was a statutory employee and/or a borrowed servant of H&P, thereby rendering H&P immune from tort liability.

IX.

NINTH DEFENSE

H&P contends that Plaintiff's claims are prescribed and/or barred by the applicable statute of limitations.

X.

TENTH DEFENSE

In the further alternative, and only in the event that it is determined that Plaintiff is entitled to recover against H&P, Plaintiff's recovery against H&P should be reduced in proportion to the degree or percentage of negligence or fault attributable to any other parties, including those parties presently immune, as well as any party or parties with whom Plaintiff has

settled or may settle in the future.

XI.

ELEVENTH DEFENSE

The acts and omissions of the Plaintiff or other third parties for whom H&P is not responsible were a superseding and independent cause of any damages or injuries allegedly sustained by Plaintiff.

XII.

TWELFTH DEFENSE

No act of H&P was a proximate, contributing, or substantial cause of any damage alleged by Plaintiff.

XIII.

THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because he has failed to mitigate his alleged damages.

XIV.

FOURTEENTH DEFENSE

Any medical conditions complained of by Plaintiff preexisted, or occurred subsequent to, any of the allegations against H&P, and H&P cannot be held responsible for these conditions.

XV.

FIFTEENTH DEFENSE

H&P owed no duty to the Plaintiff.

H&P reserves the right to further amend and/or amplify these answers and defenses as discovery may warrant.

H&P reserves its right to file third-party complaints, counterclaims, and/or cross-claims such as the facts may disclose and/or warrant.

JURY DEMAND

H&P further prays for a trial by jury on all issues.

WHEREFORE, Helmerich & Payne International Drilling Co. prays that its Answer and Affirmative Defenses be deemed good and sufficient and that after all due proceedings be had, there be judgment in favor of Helmerich & Payne International Drilling Co. and against Plaintiff Donald Leggett, dismissing all claims of the Plaintiff with prejudice and at his cost, and for all other general and equitable relief.

Respectfully submitted,

**ADAMS AND REESE, LLP**

By:   */s/ Gerard J. Gaudet*
    **MARK J. SPANSEL (#12314)**
    **GERARD J. GAUDET (#35139)**
    One Shell Square
    701 Poydras Street, Suite 4500
    New Orleans, LA 70139
    Telephone: (504) 581-3234
    Facsimile: (504) 566-0210
    mark.spansel@arlaw.com
    gerard.gaudet@arlaw.com
    *Counsel for Helmerich & Payne*
    *International Drilling Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2016, I electronically filed the foregoing *Helmerich & Payne International Drilling Co.'s Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Third Amended Complaint* with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                   */s/ Gerard J. Gaudet*
                                                   Gerard J. Gaudet